**UNITED STATES COURT OF APPEALS**

**December 13, 2007**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA;
INTERNAL REVENUE SERVICE,

 Plaintiffs-Appellees,

v.

JOSEPH BOWERS,

 Defendant-Appellant.

No. 07-2099
(D.C. No. 06-MC-29-MCA)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

The Internal Revenue Service (IRS) is attempting to investigate Joseph

Bowers' ability to pay his delinquent taxes. He was summoned by the IRS to

testify and produce certain financial documents from the 2005 calendar year, but

Mr. Bowers refused to comply with the summons, purportedly because it

contained a misprint. After an initial show cause hearing, *see* 26 U.S.C.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§§ 7402(b) and 7604, the district court directed the IRS to reissue the summons without typographical errors. The IRS accordingly issued Mr. Bowers a second summons, which updated the relevant period to the 2006 calendar year. This time, Mr. Bowers appeared before an IRS agent but refused to provide any of the requested testimony or documents. When the IRS petitioned the district court to enforce this second summons, the court held another show cause hearing, concluded that the second summons was enforceable, and ordered Mr. Bowers to produce the requested testimony and documents.

Mr. Bowers now appeals the district court's enforcement order, arguing that the court was without jurisdiction to enforce the second summons and incorrectly concluded that he made an ineffectual, blanket assertion of his Fifth Amendment privilege against self-incrimination to the requested information, *see United States v. Schmidt*, 816 F.2d 1477, 1481-82 (10th Cir. 1987).

We have reviewed the district court's enforcement order, the relevant legal authority, the parties' materials, and the record on appeal, and we perceive no error. The district court clearly had jurisdiction to enforce the second summons. Consequently, we affirm the district court for the same reasons articulated in its order dated March 22, 2007.

Entered for the Court

John C. Porfilio
Circuit Judge